UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

                Plaintiff,

-against-

DEPARTMENT OF CORRECTION; THE CITY OF NEW YORK; JOHN DOE CORRECTION OFFICER, Shield #5890; GORDON, Correction Officer; MANZO, Captain Correction Officer, Shield #1360,

                Defendants.

19-CV-8735 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitution rights when they failed to protect him from being assaulted by another inmate. Plaintiff sues correction officers Gordon and Manzo, a John Doe correction officer, the New York City Department of Correction ("DOC"), and the City of New York. By order dated November 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

### A.    New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.** *Valentin* **Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify Defendant Correction Officer John Doe, Shield #5890. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[1] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendant to waive service.

---

[1] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

C.  **Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the Law Department of this order. The Court requests that the City of New York, Correction Officer Gordon, and Captain Correction Officer Manzo waive service of summons.

D.  **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, Correction Officer Gordon, and Captain Correction Officer Manzo waive service of summons.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department, 100 Church Street, New York, NY 10007.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: Nov 22, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge